■ NEW YORK STATE DEPUTIES' ASSOCIATION, INC., et al., Respondents, v NEW YORK STATE CIVIL SERVICE COMMISSION, Appellant, et al., Defendants. —In an action for a judgment declaring that the individual plaintiff, a Deputy Sheriff in the Westchester County Sheriff's Department, and all members of the plaintiff New York State Deputies' Association are "police officers", the defendant New York State Civil Service Commission (the commission) appeals from so much of an order of the Supreme Court, Westchester County, dated January 30, 1976, as denied its motion to dismiss the complaint pursuant to CPLR 3211 (subd [a], pars 2, 7) and directed it to answer the complaint. Order reversed insofar as appealed from, on the law, without costs or disbursements, motion granted, and complaint dismissed as against the commission. Subdivision 3 of section 58 of the Civil Service Law provides: "3. As used in this section, the term 'police officer' means a member of a police force, police department, or other organization of a county, city, town, village, housing authority or police district, who is responsible for the prevention and detection of crime and the enforcement of the general criminal laws of the state, but shall not include any person serving as such solely by virtue of his occupying any other office or position, nor shall such term include a sheriff, under-sheriff, commissioner of police, deputy or assistant commissioner of police, chief of police, deputy or assistant chief of police or any person having an equivalent title who is appointed or employed to exercise equivalent supervisory authority." Based upon an opinion of its counsel, dated January 9, 1973, the commission adopted the view that the position of Deputy Sheriff in Westchester County was not within the definition of police officer as set forth in subdivision 3 of section 58 of the Civil Service Law. In June, 1975 plaintiffs initiated this action seeking a declaration that Deputy Sheriffs in general, and Deputy Sheriff Nowack in particular, were police officers entitled to any and all rights, privileges and benefits of police officers. The complaint alleged that plaintiff Nowack, and Deputy Sheriffs throughout the State, had been adversely affected as a result of the commission's determination, in that they were being deprived of benefits otherwise available to police officers pursuant to section 89-b of the Retirement and Social Security Law and sections 207 and 208 of the General Municipal Law. It was also alleged that Deputy Sheriffs were losing promotional opportunities, police officer status, the powers of arrest, and various other Federal and State benefits. In support of their allegation that Deputy Sheriffs were police officers, plaintiffs pointed out that CPL 1.20 (subd 34, par [b]) defines a police officer as including a Deputy Sheriff. Plaintiffs have also alleged that Deputy Sheriffs in the past have performed such traditional police work as narcotics investigations, riot control, security and emergency duty at fires and explosions. At the outset we wish to point out that the New York State Deputies' Association (the association) is not a proper party plaintiff in this action, because a class action does not lie herein. As a prerequisite to the bringing of a class action, CPLR 901 (subd 2) requires that there be "questions of law or fact common to the class which predominate over any questions affecting only individual members". At the core of the association's claim is the contention that Deputy Sheriffs perform the duties of police officers, yet it concedes that the duties of Deputy Sheriffs are diverse and only supports its basic contention

with reference to the work of a lone Deputy Sheriff, plaintiff Nowack. The functions of individual Deputy Sheriffs would have to be studied before it could be determined whether they perform work normally performed by police officers, and so it is clear that common questions of fact do not predominate over questions affecting individual members of the proposed class. Even assuming that the association were able to clear this hurdle, the complaint still fails to set forth a proper cause of action as to either plaintiff. We first note that the complaint fails to indicate that Deputy Sheriffs are responsible for "the prevention and detection of crime and the enforcement of the general criminal laws of the state". The primary duty of a Deputy Sheriff in Westchester County is civil in nature. Plaintiff Nowack has conceded that his normal assignment is that of a transportation officer. Although a Deputy Sheriff may, on occasion, perform traditional police functions, this, in itself, fails to establish that he is responsible for the enforcement of the general criminal laws of the State. Had plaintiffs successfully cleared the first two barriers, they would still not reach their goal because of a third barrier, which likewise demands a dismissal of the complaint. Even if Deputy Sheriffs were declared to be police officers within the meaning of subdivision 3 of section 58 of the Civil Service Law, they would still not qualify for the benefits which they are seeking. Section 58 of the Civil Service Law is only concerned with the requirements for initial appointment to the position of police officer, and not with the benefits or disabilities which flow therefrom after appointment. Even a Deputy Sheriff who was successful in convincing the commission that he qualified as a police officer under subdivision 3 of section 58 would still be put to the test of convincing the party responsible for making such determinations, clearly not the commission, that he had performed the requisite "creditable service" to qualify for retirement benefits under section 89-b of the Retirement and Social Security Law. Again, had plaintiffs obtained a favorable ruling as to the status of a Deputy Sheriff under section 58 of the Civil Service Law, this would in no way have had an effect on the eligibility of Deputy Sheriffs for benefits under sections 207 and 208 of the General Municipal Law. We note that, notwithstanding our adverse ruling here, Deputy Sheriffs, pursuant to CPL 1.20 (subd 34, par [b]), still retain their police officer status for arrest and weapons carrying purposes. Thus, the commission's adverse determination again fails to have an effect on other independent statutes dealing with the rights of police officers and Deputy Sheriffs. Therefore, the complaint fails to set forth a cognizable cause of action and the order, insofar as it is appealed from, should be reversed and the complaint dismissed as against the commission. Rabin, Acting P. J., Shapiro, Titone and O'Connor, JJ., concur.